1
2
3
4
5
6
7

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                     paul@markmerin.com

Attorneys for Plaintiff
YURIDIA OCHOA

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

## SAN JOSÉ DIVISION

11

YURIDIA OCHOA,

12

Plaintiff,

13

vs.

14

15

16

CITY OF SAN JOSÉ, SAN JOSÉ POLICE
DEPARTMENT, EDGARDO GARCIA,
ERIC MOSUNIC, and DOE 1 to 10,

Defendants.

Case No.

**COMPLAINT FOR VIOLATION OF
CIVIL AND CONSTITUTIONAL RIGHTS**

**DEMAND FOR JURY TRIAL**

17

## INTRODUCTION

18

19

20

This action arises from the officer-involved shooting of YURIDIA OCHOA by police officer
ERIC MOSUNIC, an employee of the CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, and
Police Chief EDGARDO GARCIA.

21

## JURISDICTION & VENUE

22

23

24

25

1.      This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise
under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address
deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S.
Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

26

27

28

2.      Venue is proper in the United State District Court for the Northern District of California
pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Northern District and because
many of the acts and/or omissions described herein occurred in the Northern District.

1

3. Intradistrict venue is proper in the San José Division of the United State District Court for the Northern District of California, pursuant to N.D. Cal. Civ. L.R. 3-2(e), because the claims asserted herein arise from acts and/or omissions which occurred in the County of Santa Clara, California.

## EXHAUSTION

4. On January 29, 2021, YURIDIA OCHOA submitted a government claim to the CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT concerning the claims asserted in this action. By March 15, 2021, the government claim was deemed rejected. *See* Cal. Gov. Code §§ 912.4(c), 911.3(b). On March 23, 2021, the CITY OF SAN JOSÉ mailed a notice of rejection of the government claim. *See* Cal. Gov. Code § 913.

## PARTIES

5. Plaintiff YURIDIA OCHOA (pronouns: he/him) is a resident of the State of California, County of Santa Clara.

6. Defendant CITY OF SAN JOSÉ is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Santa Clara.

7. Defendant SAN JOSÉ POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Santa Clara.

8. Defendant EDGARDO GARCIA was, and at all times material herein, a law enforcement officer and the Police Chief for Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT, acting within the scope of that employment and under color of state law, including command, control and policy making authority. Defendant EDGARDO GARCIA is sued in his individual capacity.

9. Defendant ERIC MOSUNIC is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendant ERIC MOSUNIC is sued in his individual capacity.

10. Defendants DOE 1 to 10 are and/or were agents or employees of Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendants DOE 1 to 10's true and correct names and identities are not

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Ochoa v. City of San José*, United States District Court, Northern District of California, Case No. _____

1  currently known. Defendants DOE 1 to 10 are sued by their fictitious names and their true and correct

2  names and identities will be substituted when ascertained.

3  <u>**GENERAL ALLEGATIONS**</u>

4       11.     At all times relevant herein, all wrongful acts described were performed under color of

5  state law and/or in concert with or on behalf of those acting under the color of state law.

6  **The Officer-Involved Shooting**

7       12.     On June 2, 2020, around 9:00 p.m., Plaintiff YURIDIA OCHOA was driving his vehicle

8  and performing a "sideshow" in downtown San José, California, near City Hall.

9       13.     Plaintiff YURIDIA OCHOA was performing "donuts" with his vehicle, in the middle of

10  an intersection.

11       14.     Police officers employed by Defendant SAN JOSÉ POLICE DEPARTMENT responded

12  to the scene and attempted to pull-over Plaintiff YURIDIA OCHOA's vehicle.

13       15.     Plaintiff YURIDIA OCHOA fled the scene in his vehicle when officers arrived.

14       16.     Sergeant Greg Connolly and Defendant ERIC MOSUNIC pursued Plaintiff YURIDIA

15  OCHOA's vehicle on police motorcycles.

16       17.     Adrianna Saralla was crossing the street on a scooter, near the intersection of St. John and

17  6th Streets.

18       18.     Adrianna Saralla was struck by Plaintiff YURIDIA OCHOA's vehicle, causing her to

19  sustain a broken ankle and a cut on her face.

20       19.     Plaintiff YURIDIA OCHOA continued to flee in his vehicle.

21       20.     Sergeant Greg Connolly and Defendant ERIC MOSUNIC made the decision to pursue

22  Plaintiff YURIDIA OCHOA's vehicle and to leave Adrianna Saralla who had been injured.

23       21.     Around 9:33 p.m., a friend of Adrianna Saralla called and reported to a dispatcher that

24  Adrianna Saralla had been injured by a vehicle that struck, that she had sustained a "gash" on her

25  forehead and possibly broke her ankle, and that she was "awake and breathing."

26       22.     Sergeant Greg Connolly and Defendant ERIC MOSUNIC tracked Plaintiff YURIDIA

27  OCHOA's vehicle to Mission Street, where Plaintiff YURIDIA OCHOA's vehicle had come to a stop.

28       23.     Plaintiff YURIDIA OCHOA continued to flee in his vehicle, when Sergeant Greg

1    Connolly and Defendant ERIC MOSUNIC approached his vehicle.

2      24. Plaintiff YURIDIA OCHOA pulled-into a parking lot at Markethouse Lofts, a housing

3    complex located at 350 E. Mission Street.

4      25. The Markethouse Lofts' parking lot dead-ended near a gated parking garage.

5      26. Plaintiff YURIDIA OCHOA was cornered in the parking lot by Defendant ERIC

6    MOSUNIC.

7      27. Defendant ERIC MOSUNIC approached Plaintiff YURIDIA OCHOA's vehicle from

8    behind.

9      28. Plaintiff YURIDIA OCHOA's encounter with Defendant ERIC MOSUNIC was captured

10   on Defendant ERIC MOSUNIC's body-worn camera and by a bystander situated in a building multiple

11   floors above the parking lot where the encounter took place.

12     29. Around 9:34 p.m., Defendant ERIC MOSUNIC parked his motorcycle near the rear

13   driver-side bumper of Plaintiff YURIDIA OCHOA's vehicle.

14     30. Defendant ERIC MOSUNIC dismounted his motorcycle, drew his pistol, and activated his

15   body-worn camera.

16     31. Defendant ERIC MOSUNIC and his motorcycle were not located in the path of Plaintiff

17   YURIDIA OCHOA's vehicle, neither in front or behind Plaintiff YURIDIA OCHOA's vehicle.

18     32. Defendant ERIC MOSUNIC and his motorcycle were located near the rear driver-side of

19   Plaintiff YURIDIA OCHOA's vehicle. Defendant ERIC MOSUNIC and his motorcycle were not at risk

20   of being struck by Plaintiff YURIDIA OCHOA's vehicle, were the vehicle to move forward or in

21   reverse.

22     33. Plaintiff YURIDIA OCHOA sat in the vehicle, which had come to a complete stop.

23     34. Defendant ERIC MOSUNIC approached the driver-side window of Plaintiff YURIDIA

24   OCHOA's vehicle on foot, with his pistol pointed at Plaintiff YURIDIA OCHOA.

25     35. Defendant ERIC MOSUNIC yelled, "Don't move! Put your fucking hands up! Put them

26   up! Hold them up!"

27     36. Plaintiff YURIDIA OCHOA did not respond to Defendant ERIC MOSUNIC's

28   commands, as Plaintiff YURIDIA OCHOA remained seated in the vehicle.

1      37.     Defendant ERIC MOSUNIC yelled, "Turn the car off!"

2      38.     Defendant ERIC MOSUNIC walked backwards, away from the driver-side window,

3    towards his parked motorcycle.

4      39.     Defendant ERIC MOSUNIC used his motorcycle as a position of cover, with the

5    motorcycle between Defendant ERIC MOSUNIC and Plaintiff YURIDIA OCHOA's vehicle, while

6    Defendant ERIC MOSUNIC continued to point his pistol at Plaintiff YURIDIA OCHOA.

7      40.     Defendant ERIC MOSUNIC received a radio message that reinforcements were on the

8    way to his location.

9      41.     Defendant ERIC MOSUNIC stated over his radio: "Ok, I've got him pinned in the back of

10   a garage."

11     42.     Plaintiff YURIDIA OCHOA's vehicle began to move slowly in reverse.

12     43.     Defendant ERIC MOSUNIC yelled, "Don't move! Don't Move!"

13     44.     Defendant ERIC MOSUNIC shot at Plaintiff YURIDIA OCHOA six times, in rapid

14   succession, after Plaintiff YURIDIA OCHOA's vehicle had moved a few feet backwards.

15     45.     Plaintiff YURIDIA OCHOA was struck by bullets fired by Defendant ERIC MOSUNIC.

16     46.     Plaintiff YURIDIA OCHOA's vehicle came to a stop.

17     47.     Defendant ERIC MOSUNIC continued to yell, "Don't move! Don't Move!"

18     48.     Plaintiff YURIDIA OCHOA's vehicle again began to move slowly in reverse.

19     49.     Defendant ERIC MOSUNIC again shot at Plaintiff YURIDIA OCHOA six more times, in

20   rapid succession, after Plaintiff YURIDIA OCHOA's vehicle had moved a few more feet backwards.

21     50.     Plaintiff YURIDIA OCHOA was again struck by bullets fired by Defendant ERIC

22   MOSUNIC.

23     51.     Plaintiff YURIDIA OCHOA's vehicle again came to a stop.

24     52.     Defendant ERIC MOSUNIC continued to yell, "Don't move! Don't Move!"

25     53.     Plaintiff YURIDIA OCHOA's vehicle again began slowly to move in reverse.

26     54.     Defendant ERIC MOSUNIC again shot at Complainant three more times, in rapid

27   succession, after Plaintiff YURIDIA OCHOA's vehicle had moved a few more feet backwards.

28     55.     Plaintiff YURIDIA OCHOA was again struck by bullets fired by Defendant ERIC

MOSUNIC.

56.     Plaintiff YURIDIA OCHOA's vehicle again came to a stop.

57.     Defendant ERIC MOSUNIC shot at Plaintiff YURIDIA OCHOA a total of 14 times.

58.     Plaintiff YURIDIA OCHOA was struck by six of the 14 bullets fired by Defendant ERIC MOSUNIC.

59.     Plaintiff YURIDIA OCHOA sustained gunshot wounds to his left arm, shoulder, and neck.

60.     Defendant ERIC MOSUNIC violated Defendant SAN JOSÉ POLICE DEPARTMENT's policies and procedures by shooting at Plaintiff YURIDIA OCHOA, including Policy L 2600 ("Use of Force") and Policy L 2641.5 ("Shooting at Moving Vehicles").

61.     Around 9:36 p.m., Defendant ERIC MOSUNIC walked several yards away from Plaintiff YURIDIA OCHOA's vehicle and met with several of Defendant SAN JOSÉ POLICE DEPARTMENT's police officers who were arriving at the scene.

**The Post-Shooting Arrest**

62.     Plaintiff YURIDIA OCHOA's gunshot wounds constituted a physical impairment that substantially limited one or more major life activities, including, for example, his ability to perform manual tasks, walk, stand, lift, bend, and communicate.

63.     Several of Defendant SAN JOSÉ POLICE DEPARTMENT's police officers began to arrive and to congregate several yards behind Plaintiff YURIDIA OCHOA's vehicle, including Defendants DOE 1 to 5.

64.     Around 9:42 p.m., Plaintiff YURIDIA OCHOA held his arms and empty hands outside of the driver-side window of the vehicle, demonstrating to Defendant SAN JOSÉ POLICE DEPARTMENT's police officers that he was unarmed and surrendering himself into custody.

65.     Around 9:45 p.m., Plaintiff YURIDIA OCHOA opened his vehicle's driver-side door to exit, surrender, and be taken into custody.

66.     Defendants DOE 1 to 5 deployed a flash-bang grenade which landed near Plaintiff YURIDIA OCHOA, as Plaintiff YURIDIA OCHOA opened the vehicle's driver-side door to exit, surrender, and be taken into custody.

67.     Defendants DOE 1 to 5's flash-bang grenade exploded near Plaintiff YURIDIA OCHOA.

68.     Plaintiff YURIDIA OCHOA was injured by the exploding flash-bang grenade which was deployed by Defendants DOE 1 to 5. Plaintiff YURIDIA OCHOA yelled in pain, as the flash-bang grenade exploded near him.

69.     Defendants DOE 1 to 5 violated Defendant SAN JOSÉ POLICE DEPARTMENT's policies and procedures by deploying the exploding flash-bang grenade at Plaintiff YURIDIA OCHOA, including Policy L 2600 ("Use of Force") and Policy L 2629 ("Use of Projectile Impact Weapons").

70.     Plaintiff YURIDIA OCHOA followed the commands of Defendant SAN JOSÉ POLICE DEPARTMENT's police officers, as they instructed him to walk towards them, with his hands up.

71.     Around 9:46 p.m., Defendants DOE 1 to 5 ordered Plaintiff YURIDIA OCHOA to get down on the ground, on his hands and knees, when he was approximately 25-to-30 feet away from the officers.

72.     Defendants DOE 1 to 5 ordered Plaintiff YURIDIA OCHOA to crawl, on his hands and knees, until he reached the officers' location. Plaintiff YURIDIA OCHOA complied, despite his injured state.

73.     Plaintiff YURIDIA OCHOA did not represent a threat to Defendant SAN JOSÉ POLICE DEPARTMENT's police officers, some of whom milled about, turned their backs to Plaintiff YURIDIA OCHOA, and conversed with other officers, as Plaintiff YURIDIA OCHOA crawled towards to officers.

74.     Defendants DOE 1 to 5's commands for Plaintiff YURIDIA OCHOA to crawl towards the officers served no legitimate law enforcement purpose, where Plaintiff YURIDIA OCHOA was clearly unarmed, non-threatening, and injured

75.     Defendants DOE 1 to 5 violated Defendant SAN JOSÉ POLICE DEPARTMENT's policies and procedures by forcing Plaintiff YURIDIA OCHOA to crawl on his hands and knees into the officers' custody, including Policy L 2602.5 ("Tactical Conduct") and Policy L 2608.6 ("Providing First Aid").

76.     Around 9:47 p.m., Plaintiff YURIDIA OCHOA was taken into custody by Defendant SAN JOSÉ POLICE DEPARTMENT's police officers, handcuffed, and arrested.

77.     Plaintiff YURIDIA OCHOA was experiencing such pain that he asked Defendants DOE 1

7

to 5 to pick him up. Defendants DOE 1 to 5 dragged Plaintiff YURIDIA OCHOA on the ground, rather than pick him up.

78.    Plaintiff YURIDIA OCHOA was transported to the hospital for medical treatment associated with the gunshots wounds he had sustained.

79.    Plaintiff YURIDIA OCHOA required emergency surgery to remove bullets from his body.

80.    The surgeons were unable to remove two of the six bullets lodged in Plaintiff YURIDIA OCHOA's body, and those two bullets remain inside of Plaintiff YURIDIA OCHOA's body.

81.    Plaintiff YURIDIA OCHOA has been continuously held in custody since the officer-involved shooting incident.

### The "Community Briefing"

82.    On August 28, 2020, Defendant SAN JOSÉ POLICE DEPARTMENT posted an edited version of Defendant ERIC MOSUNIC's body-worn camera footage captured during the shooting of Plaintiff YURIDIA OCHOA to its publicly-available YouTube webpage: < https://youtu.be/j04Uo9vb-SY >.

83.    Defendant SAN JOSÉ POLICE DEPARTMENT's YouTube video displayed a cover-page with a photo of Plaintiff YURIDIA OCHOA's face, accompanied by the text: "Suspect – Yuridia Ochoa" and "Criminal Convictions," with the following text listed underneath: "Domestic Violence," "Resisting Arrest," "Grand Theft from Person," "Petty Theft," "DUI," and "Felony Evading."

84.    Defendant SAN JOSÉ POLICE DEPARTMENT's video began with a recorded statement by Defendant EDGARDO GARCIA, who introduced himself as Defendant SAN JOSÉ POLICE DEPARTMENT's police chief and stated that the video would provide a "community briefing" of the officer-involved shooting incident. Defendant EDGARDO GARCIA stated: "We will walk you through relevant video footage and evidence related to this case so you can have a better understanding of what occurred based on what we know right now."

85.    Defendant SAN JOSÉ POLICE DEPARTMENT's video then cut to Lieutenant Brian Shab, who stated that he would provide a "brief overview of an officer-involved shooting…"

86.    Lieutenant Brian Shab recounted some circumstances of the chase that occurred before the

8

officer-involved shooting. Lieutenant Brian Shab falsely recounted some of the occurrences, including: (1) "The suspect fled again, this time striking an officer on a police motorcycle, knocking that officer to the ground"; (2) "The suspect ignored the commands, and drove in the direction of the officer"; and (3)"In defense of his own life, the officer fired at the suspect three separate times." Lieutenant Brian Shab's statements were demonstrably false based on available evidence, including body-worn camera footage. On information and belief, Defendants SAN JOSÉ POLICE DEPARTMENT and EDGARDO GARCIA knew that Lieutenant Brian Shab's statements were false but nonetheless authorized and published the statements to the public.

87.    Lieutenant Brian Shab stated that Plaintiff YURIDIA OCHOA's "criminal convictions include domestic violence, resisting arrest, grand theft from a person, petty theft, driving under the influence of alcohol, and felony evading." Lieutenant Brian Shab's statements were irrelevant, where Defendant ERIC MOSUNIC did not know Plaintiff YURIDIA OCHOA's identity at the time of the officer-involved shooting incident. On information and belief, Defendants SAN JOSÉ POLICE DEPARTMENT and EDGARDO GARCIA knew that Lieutenant Brian Shab's statements concerning Plaintiff YURIDIA OCHOA's criminal history were irrelevant but authorized and published the statements to the public.

88.    On information and belief, Defendants SAN JOSÉ POLICE DEPARTMENT and EDGARDO GARCIA published the video in attempt to negatively portray Plaintiff YURIDIA OCHOA to the public and to imply that Defendant ERIC MOSUNIC's shooting was justified. Defendant EDGARDO GARCIA's statement that Defendants SAN JOSÉ POLICE DEPARTMENT's video "will walk you through relevant video footage and evidence" was false and misleading.

## POLICY OR CUSTOM ALLEGATIONS

89.    Defendant EDGARDO GARCIA was a final policy-making authority under state law and Defendants SAN JOSÉ POLICE DEPARTMENT's Policy A 1400 ("Command Positions") and Policy A 1500 ("Office of the Chief of Police"), at all times relevant herein. *See* < https://www.sjpd.org/records/documents-policies >. Defendant EDGARDO GARCIA has been employed by Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT since February 1992, and served as Police Chief from January 2016 to December 2020.

90.     Defendants DOE 6 to 10 possess policy-making authority, based on the delegation of authority from Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, and/or EDGARDO GARCIA.

**Policy or Custom**

91.     Defendants ERIC MOSUNIC and DOE 1 to 5's use of unreasonable and excessive force against Plaintiff YURIDIA OCHOA resulted from the existence of a policy or custom maintained by Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10; namely, a policy or custom of action or inaction whereby Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10 knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force.

92.     Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10's insufficient training, supervision, or control of their personnel, including Defendants ERIC MOSUNIC and DOE 1 to 5, was a moving force behind and contributed to use of unreasonable and excessive force against Plaintiff YURIDIA OCHOA, resulting in his injuries. Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10 knew or should have known that personnel under their command, including Defendants ERIC MOSUNIC and DOE 1 to 5, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy or custom, or the result of the lack of policy.

93.     Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10's policy or custom is demonstrated by Defendants ERIC MOSUNIC and DOE 1 to 5's use of unreasonable and excessive force against Plaintiff YURIDIA OCHOA, including:

      a.      The multiple harms to which Plaintiff YURIDIA OCHOA was subjected, including multiple uses of excessive force.

      b.      The violation of multiple official policies governing Defendants ERIC MOSUNIC and DOE 1 to 5's conduct, including Defendant SAN JOSÉ POLICE DEPARTMENT's Policy L 2600 ("Use of Force"), Policy L 2602.5 ("Tactical Conduct"), Policy L 2608.6 ("Providing First Aid"), Policy L 2629 ("Use of Projectile Impact Weapons"), and Policy L 2641.5 ("Shooting at Moving Vehicles").

1         c.     The cavalier nature with which Defendants ERIC MOSUNIC and DOE 1 to 5

2    engaged in misconduct in an open and public place, including while being recorded on body-worn

3    camera(s), without concern that it could be observed by others.

4         d.     The impunity with which Defendants ERIC MOSUNIC and DOE 1 to 5 acted,

5    where multiple officers were present and involved in the misconduct.

6         94.     Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO

7    GARCIA, and DOE 6 to 10's policy or custom is further demonstrated by various incidents involving

8    other uses of unreasonable and excessive force by Defendants CITY OF SAN JOSÉ, SAN JOSÉ

9    POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10's personnel, including:

10        a.     <u>San José Spotlight</u>, *San Jose police killings leave taxpayers footing a 'blank check'*

11   (July 14, 2020) < <u>https://sanjosespotlight.com/san-jose-police-killings-leave-taxpayers-footing-a-blank-</u>

12   <u>check/</u> > ("A public records request from San José Spotlight revealed police killings have cost the city's

13   taxpayers nearly $7 million. The records from the San Jose Police Department show compensation for

14   the deaths of 17 people killed by officers since 2003, resulting in five hefty settlements.").

15        b.     On July 13, 2003, Defendant SAN JOSÉ POLICE DEPARTMENT's police

16   officers Chad Marshall and Tom Mun went to the home of Cau Bich Tran, in response to a neighbor's

17   report of concern for the safety of Cau Bich Tran's children. Officers Chad Marshall and Tom Mun

18   entered Cau Bich Tran's home and found her in the kitchen holding a kitchen implement which she had

19   been using to try and open an accidentally-locked bedroom door. Officers Chad Marshall and Tom Mun

20   fatally shot Cau Bich Tran, in her own home. A civil rights lawsuit was filed. (*Estate of Cau Bich Tran v.*

21   *City of San Jose*, N.D. Cal. Case No. 5:03-cv-04997-JW.) The district court denied summary judgment

22   (ECF No. 56), and the defendants attempted to pursue an appeal which was certified as "frivolous" (ECF

23   No. 69). The case was settled for $1,825,000, before trial.

24        c.     On May 25, 2007, Defendant SAN JOSÉ POLICE DEPARTMENT's police

25   officers Jason Woodall, Michael McLaren, Barry Chikayasu, and Roderick Smith responded to a

26   reported disturbance at a motel. Lenore Salazar was in the motel room of the reported disturbance and

27   informed the officers that everything was fine. The officers observed Steven Salinas, who was naked,

28   through the motel room's open door. The officers handcuffed Steven Salinas, repeatedly beat him with

11

batons, and tased him several times. Steven Salinas suffered cardiac arrest and died at the scene. A civil rights lawsuit was filed. (*Sanchez v. City of San Jose*, N.D. Cal. Case No. 5:09-cv-04410-EJD.) The district court denied summary judgment (ECF No. 62), the case proceed to trial where a jury verdict for the plaintiffs against Officer Barry Chikayasu was obtained (ECF No. 220), and a judgment entered for $1,000,000 (ECF No. 230).

        d.     On February 11, 2009, Richard Lua was subject to a "consensual stop" while walking on a public street by Defendant SAN JOSÉ POLICE DEPARTMENT's police officers Eric Bachmann and Patrick Lynch. Richard Lua ran and the Officers Eric Bachmann and Patrick Lynch pursued him on foot. Officers Eric Bachmann and Patrick Lynch caught up to Richard Lua, struck him with batons more than 55 times, and deployed a taser nine times for at least 110 total seconds. Richard Lua became unresponsive and died. A civil rights lawsuit was filed. (*Contreras v. City of San Jose*, N.D. Cal. Case No. 5:10-cv-00953-RMW.) The case was settled for $200,000, before trial.

        e.     On December 15, 2011, Valente Galindo was at his home, in his bedroom. Defendant SAN JOSÉ POLICE DEPARTMENT's police officers Lee Tassio and Anthony Kilmer were pursuing a suspect. Officers Lee Tassio and Anthony Kilmer pursued the suspect into Valente Galindo's home. The suspect threw a gun into Valente Galindo's bedroom. Officer Lee Tassio shot Valente Galindo in the chest, even though he was unarmed and non-threatening. Officer Anthony Kilmer handcuffed Valente Galindo, as he struggled to breathe, and began to question him. Valente Galindo later died. Officer Lee Tassio later lied and reported that he had shot Valente Galindo because he held a gun. DNA and fingerprint analysis excluded Valente Galindo from having contact with the gun found in the bedroom where he was shot.  A civil rights lawsuit was filed. (*Galindo v. Tassio*, N.D. Cal. Case No. 5:13-cv-00105-HRL.) The district court denied summary judgment. (ECF No. 93.) The case was settled for $900,000, before trial.

        f.     On August 14, 2014, Diana Showman was experiencing symptoms of her mental illness, called 9-1-1-, and told the operator that she had locked her mother and brother in a bedroom and would shoot them, if the police did not respond. Diana Showman also asked the operator if she could get in trouble for lying to police. Defendant SAN JOSÉ POLICE DEPARTMENT's police officer Wakana Okuma, along with other officers, responded to Diana Showman's home. Diana Showman came out of

her home holding a cordless power drill. Several officers were pointing firearms at Diana Showman, including less-lethal options. Officer Wakana Okuma commanded Diana Showman to approach her. Diana Showman moved slowly towards Officer Wakana Okuma, who shot Diana Showman with a round from an AR-15 rifle from about 15-feet away. Diana Showman died at the scene. A civil rights lawsuit was filed. (*Showman v. Okuma*, N.D. Cal. Case 5:15-cv-03712-HRL.) The case was settled with Defendant CITY OF SAN JOSÉ agreeing to install a "memorial bench."

g.       On August 17, 2015, Richard Jacquez was a murder suspect and his house was under surveillance by law enforcement. Richard Jacquez attempted to flee in a vehicle and was pursued by Defendant SAN JOSÉ POLICE DEPARTMENT's police officer Jacob Morrison in a high-speed chase.  Richard Jacquez eventually exited his vehicle fled on foot in a residential neighborhood, at which point Officer Jacob Morrison intentionally struck Richard Jacquez with his patrol vehicle. Richard Jacquez recovered, got up, and ran limping to a nearby house but was unable to open the locked front door. Officer Jacob Morrison opened fire and shot Richard Jacquez five times, killing him. A civil rights lawsuit was filed. (*Jacquez v. City of San Jose*, N.D. Cal. Case 5:16-cv-05330-NC.) The district court denied summary judgment (ECF No. 84), and the case proceeded to trial.

h.       On July 4, 2016, Anthony Nuñez shot himself in the head at his home but the shot was non-fatal. Police were called and responded. Defendant SAN JOSÉ POLICE DEPARTMENT's police officers Michael Santos and Anthony Vizzusi arrived, confronted an unarmed Anthony Nuñez, and shot him to death. A civil rights lawsuit was filed. (*Nunez v. City of San Jose*, N.D. Cal. Case No. 5:17-cv-03860-LHK.) The district court denied summary judgment (ECF No. 82), the case proceed to trial where a jury verdict for the plaintiffs against Officers Michael Santos and Anthony Vizzusi was obtained (ECF No. 171), and a judgment for $2,645,000 was entered (ECF No. 178). The case was settled for $2,950,000, after trial.

i.       On March 17, 2017, John Bowles was walking naked through a residential area. John Bowles fled in a vehicle when officers arrived to the scene. Defendant SAN JOSÉ POLICE DEPARTMENT's police officers William Solma, William Wolfe, Todd Ah Yo, and Erick Enderle pursued John Bowles. John Bowles crashed into other vehicles and objects as he fled in his vehicle. The chase ended when John Bowles' vehicle came to a stop, approximately six minutes later. John Bowles

13

exited the vehicle and raised his hands with something in them. Officer Todd Ah Yo realized that John Bowles was holding a caulking gun and called out, "No gun! No gun!" Officer William Wolfe fired one shot at John Bowles. John Bowles retreated back into his vehicle. Officer William Wolfe fired three more shots at John Bowles. John Bowles moved inside of his vehicle. Officer Todd Ah Yo fired once, Officer Erick Enderle fired five or six times, and Officer William Wolfe fired at least four or five times. Eventually, John Bowles was pulled from the vehicle and arrested. John Bowles sustained several gunshot wounds, paralyzing him. A civil rights lawsuit was filed. (*Bowles v. City of San Jose*, N.D. Cal. Case No. 5:19-cv-01027-NC.) The district court denied summary judgment (ECF No. 53), and the case remains pending.

j.      On September 15, 2017, Jacob Dominguez was operating a vehicle which was surrounded by unmarked law enforcement vehicles. Defendant SAN JOSÉ POLICE DEPARTMENT's police officer Michael Pina shot Jacob Dominguez in the head, killing him. A civil rights lawsuit was filed. (*Dominguez v. City of San Jose*, N.D. Cal. Case No. 5:18-cv-04826-BLF.) The case remains pending.

k.      On December 25, 2018, Jennifer Vasquez was driving a vehicle that was coincidentally the same color (white) but a different model than a vehicle suspected of involvement in a drive-by shooting. Jennifer Vasquez's vehicle was pursued by law enforcement vehicles. Jennifer Vasquez attempted to flee but crashed her vehicle into a fence. Defendant SAN JOSÉ POLICE DEPARTMENT's police officers Marco Mercado, Mitchell Stimson, Elisco Anaya, and Mark Koska boxed-in Jennifer Vasquez's vehicle with their patrol vehicles and aimed their firearms at Jennifer Vasquez and the passenger in her vehicle. Jennifer Vasquez attempted to move her crashed vehicle, making contact with the front-end of an empty patrol vehicle before coming to a stop. Officers Mercado, Mitchell Stimson, Elisco Anaya, and Mark Koska opened fire and shot Jennifer Vasquez more than 15 times, including in her head, chest, arms, back, and shoulder, killing her. A civil rights lawsuit was filed. (*Vasquez v. City of San Jose*, N.D. Cal. Case No. 5:19-cv-08441-EJD.) The case remains pending.

l.      On October 31, 2019, Francis Calonge was walking down the street, on his way to visit a friend. Defendant SAN JOSÉ POLICE DEPARTMENT's police officers, including Officer Edward Carboni, responded to the scene based on a report of someone brandishing a firearm. A police

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Ochoa v. City of San José*, United States District Court, Northern District of California, Case No. _____

vehicle and six on-foot officers followed Francis Calonge as he walked away and did not respond to officers' verbal commands. Francis Calonge suffered from schizophrenia and was experiencing a psychotic episode. Officer Edward Carboni positioned himself against a tree and ordered his fellow officers to get out of his way so that he could shoot Francis Calonge when there was an adequate "backstop." Officer Edward Carboni then fired his rifle and shot Francis Calonge in the back, killing him. A civil rights lawsuit was filed. (*Calonge v. City of San Jose*, N.D. Cal. Case Nos. 5:20-cv-07429-NC & 5:21-cv-0090 SVK.) The cases remain pending.

m.      In May and June 2020, Defendant SAN JOSÉ POLICE DEPARTMENT's police officers were involved in numerous uses of unreasonable and excessive force were used against innocent demonstrators protesting systemic police abuse, many instances which were captured on recordings. Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10 responded by attempting to shift the blame for the misconduct from the offending officers to innocent demonstrators by equating them to looters and rioters. San José Spotlight, *San Jose city, police double down on use of force during protests* (June 5, 2020) < https://sanjosespotlight.com/san-jose-city-police-double-down-on-use-of-force-during-protests/ >. A civil rights class action lawsuit was filed. (*NAACP of San Jose/Silicon Valley v. City of San Jose*, N.D. Cal. Case No. 5:21-cv-01705-NC.) The case remains pending.

95.      On information and belief, Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10 were aware of numerous incidents of their personnel's use of unreasonable and excessive force, including those incidents identified above, but repeatedly refused or failed to take appropriate corrective action, including discipline, re-training, and/or changes to policies or procedures.

96.      Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10 expressly and impliedly condoned the use of unreasonable and excessive force, emboldening their personnel, including Defendants ERIC MOSUNIC and DOE 1 to 5, to continue to employ unreasonable and excessive force. Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, and DOE 6 to 10  perpetuated the problem by knowingly turning a blind eye to the abuses, ignoring or refusing to investigate complaints of their personnel's

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Ochoa v. City of San José*, United States District Court, Northern District of California, Case No. _____

1   misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of

2   impunity, failing meaningfully to discipline, re-train, or otherwise penalize their personnel's misconduct,

3   failing to hold personnel accountable for violations of law or policies, and creating or fostering an

4   environment where subordinate law enforcement officers believed they could act with impunity and "get

5   away with anything."

## FIRST CLAIM

### Excessive Force

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

9   97.     Plaintiff YURIDIA OCHOA asserts this Claim against Defendants CITY OF SAN JOSÉ,

10   SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

11   98.     The allegations of the preceding paragraphs 1 to 96 are realleged and incorporated, to the

12   extent relevant and as if fully set forth in this Claim.

13   99.     Defendants ERIC MOSUNIC and DOE 1 to 5, acting or purporting to act in the

14   performance of their official duties as law enforcement officers, used unreasonable and excessive force

15   against Plaintiff YURIDIA OCHOA, in violation of the Fourth Amendment (as incorporated through the

16   Fourteenth Amendment) to the U.S. Constitution.

17   100.     Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO

18   GARCIA, ERIC MOSUNIC, and DOE 6 to 10, acting or purporting to act under color of state law and as

19   policymaking authorities, maintained policies or customs of action and inaction resulting in harm to

20   Plaintiff YURIDIA OCHOA, in violation of the Fourth Amendment (as incorporated through the

21   Fourteenth Amendment) to the U.S. Constitution.

22   101.     Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and

23   inactions were motivated by evil motive or intent, involved reckless or callous indifference to

24   constitutional rights, or were wantonly or oppressively done.

25   102.     Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendants

26   CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC,

27   and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

28   Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Ochoa v. City of San José*, United States District Court, Northern District of California, Case No. _____

1   MOSUNIC, and DOE 1 to 10; and punitive damages against Defendants EDGARDO GARCIA, ERIC

2   MOSUNIC, and DOE 1 to 10.

3        WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

4   **SECOND CLAIM**

5   **Unreasonable Post-Arrest Medical Care**

6   **(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

7       103.    Plaintiff YURIDIA OCHOA asserts this Claim against Defendants DOE 1 to 5.

8       104.    The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the

9   extent relevant and as if fully set forth in this Claim.

10       105.    Defendants DOE 1 to 5, acting or purporting to act in the performance of their official

11   duties as law enforcement officers, failed to provide Plaintiff YURIDIA OCHOA with reasonable post-

12   arrest medical care, in violation of the Fourth Amendment (as incorporated through the Fourteenth

13   Amendment) to the U.S. Constitution.

14       106.    Defendants DOE 1 to 5's actions and inactions were motivated by evil motive or intent,

15   involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

16       107.    Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendants

17   DOE 1 to 5's actions and inactions, entitling him to receive compensatory and punitive damages against

18   Defendants DOE 1 to 5.

19       WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

20   **THIRD CLAIM**

21   **Rehabilitation Act**

22   **(29 U.S.C. § 701, *et seq*.)**

23       108.    Plaintiff YURIDIA OCHOA asserts this Claim against Defendants CITY OF SAN JOSÉ

24   and SAN JOSÉ POLICE DEPARTMENT.

25       109.    The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the

26   extent relevant and as if fully set forth in this Claim.

27       110.    Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT each qualify

28   as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On

information and belief, Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT receive federal financial assistance. Plaintiff YURIDIA OCHOA had a physical and mental impairment that substantially limited one or more major life activities, at all times material herein.

111.    Defendants DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate Plaintiff YURIDIA OCHOA's disability in the course of investigation or arrest, causing Plaintiff YURIDIA OCHOA to suffer greater injury or indignity in that process than other arrestees, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

112.    Defendants DOE 1 to 5's could have reasonably accommodated Plaintiff YURIDIA OCHOA's disability, for example: (a) by ceasing the use of force against Plaintiff YURIDIA OCHOA, when it was apparent that he had been shot and was injured, non-threatening, and attempting to surrender; (b) by expeditiously taking Plaintiff YURIDIA OCHOA into custody and not delaying Plaintiff YURIDIA OCHOA's access to medical care; and (c) by not forcing Plaintiff YURIDIA OCHOA to crawl on hands and knees into the officers' custody, when he was injured, non-threatening, and attempting to surrender.

113.    Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendant DOE 1 to 5's actions and inactions, entitling him to receive compensatory and nominal damages against Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT.

WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

## FOURTH CLAIM

### Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq*.)

114.    Plaintiff YURIDIA OCHOA asserts this Claim against Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT.

115.    The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

116.    Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104. Plaintiff

18

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Ochoa v. City of San José*, United States District Court, Northern District of California, Case No. _____

YURIDIA OCHOA had a physical and mental impairment that substantially limited one or more major life activities, at all times material herein.

117.    Defendants DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate Plaintiff YURIDIA OCHOA's disability in the course of investigation or arrest, causing Plaintiff YURIDIA OCHOA to suffer greater injury or indignity in that process than other arrestees, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

118.    Defendants DOE 1 to 5's could have reasonably accommodated Plaintiff YURIDIA OCHOA's disability, for example: (a) by ceasing the use of force against Plaintiff YURIDIA OCHOA, when it was apparent that he had been shot and was injured, non-threatening, and attempting to surrender; (b) by expeditiously taking Plaintiff YURIDIA OCHOA into custody and not delaying Plaintiff YURIDIA OCHOA's access to medical care; and (c) by not forcing Plaintiff YURIDIA OCHOA to crawl on hands and knees into the officers' custody, when he was injured, non-threatening, and attempting to surrender.

119.    Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendant DOE 6 to 10's actions and inactions, entitling him to receive compensatory and nominal damages against Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT.

WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

## FIFTH CLAIM

### Excessive Force

### (Cal. Const., Art. I, § 13)

120.    Plaintiff YURIDIA OCHOA asserts this Claim against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

121.    The allegations of the preceding paragraphs 1 to 96 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

122.    Defendants ERIC MOSUNIC and DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiff YURIDIA OCHOA, in violation of Article I, Section 13 of the California Constitution.

19

123.     Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 6 to 10, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiff YURIDIA OCHOA, in violation of Article I, Section 13 of the California Constitution.

124.     Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

125.     Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

126.     Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10; and punitive damages against Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

### SIXTH CLAIM

**Unreasonable Post-Arrest Medical Care**

**(Cal. Const., Art. I, § 13)**

127.     Plaintiff YURIDIA OCHOA asserts this Claim against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, and DOE 1 to 5.

128.     The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

129.     Defendants DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to provide Plaintiff YURIDIA OCHOA with reasonable post-arrest medical care, in violation of Article I, Section 13 of the California Constitution.

20

130.     Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 5.

131.     Defendants DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

132.     Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendants DOE 1 to 5's actions and inactions, entitling him to receive compensatory damages against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, and DOE 1 to 5; and punitive damages against Defendants DOE 1 to 5.

WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

## SEVENTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

133.     Plaintiff YURIDIA OCHOA asserts this Claim against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

134.     The allegations of the preceding paragraphs 1 to 96 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Excessive Force

135.     Defendants ERIC MOSUNIC and DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiff YURIDIA OCHOA, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

136.     Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 6 to 10, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiff YURIDIA OCHOA, with deliberate indifference or reckless disregard of rights protected by the

21

Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Unreasonable Post-Arrest Medical Care

137.   Defendants DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to provide Plaintiff YURIDIA OCHOA with reasonable post-arrest medical care, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Rehabilitation Act & Americans with Disabilities Act

138.   Defendants DOE 1 to 5, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate Plaintiff YURIDIA OCHOA's disability in the course of investigation or arrest, causing Plaintiff YURIDIA OCHOA to suffer greater injury or indignity in that process than other arrestees, with deliberate indifference or reckless disregard of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

Common Allegations

139.   Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

140.   Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

141.   Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10; and punitive damages against Defendants

22

1  EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

2      WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

3                              **EIGHTH CLAIM**

4                              **Assault / Battery**

5      142.    Plaintiff YURIDIA OCHOA asserts this Claim against Defendants CITY OF SAN JOSÉ,

6  SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

7      143.    The allegations of the preceding paragraphs 1 to 96 are realleged and incorporated, to the

8  extent relevant and as if fully set forth in this Claim.

9      144.    Defendants ERIC MOSUNIC and DOE 1 to 5, acting or purporting to act in the

10  performance of their official duties as law enforcement officers, used unreasonable and excessive force

11  against Plaintiff YURIDIA OCHOA.

12      145.    Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 6 to 10, acting or

13  purporting to act under color of state law and as policymaking authorities, maintained policies or customs

14  of action and inaction resulting in harm to Plaintiff YURIDIA OCHOA.

15      146.    Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT are

16  vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§

17  815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

18  within the scope of their employment, including Defendants EDGARDO GARCIA, ERIC MOSUNIC,

19  and DOE 1 to 10.

20      147.    Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and

21  inactions constituted oppression, fraud, and/or malice resulting in great harm.

22      148.    Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendants

23  EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and inactions, entitling him to

24  receive compensatory damages against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE

25  DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10; and punitive damages

26  against Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

27      WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

28  \ \ \

## NINTH CLAIM

### Intentional Infliction of Emotional Distress

149.   Plaintiff YURIDIA OCHOA asserts this Claim against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

150.   The allegations of the preceding paragraphs 1 to 96 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

151.   Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct which caused Plaintiff YURIDIA OCHOA to experience severe emotional distress.

152.   Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

153.   Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

154.   Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, DOE 1 to 10; and punitive damages against Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

## TENTH CLAIM

### Negligence

155.   Plaintiff YURIDIA OCHOA asserts this Claim against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

156.   The allegations of the preceding paragraphs 1 to 96 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

157.    Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiff YURIDIA OCHOA duties of care and breached those duties.

158.    Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

159.    Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

160.    Plaintiff YURIDIA OCHOA was injured as a direct and proximate result of Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, DOE 1 to 10; and punitive damages against Defendants EDGARDO GARCIA, ERIC MOSUNIC, and DOE 1 to 10.

WHEREFORE, Plaintiff YURIDIA OCHOA prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff YURIDIA OCHOA seeks Judgment as follows:

1.    For an award of compensatory, general, special, and nominal damages against Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT, EDGARDO GARCIA, ERIC MOSUNIC, DOE 1 to 10, in excess of $5,000,000, according to proof at trial;

2.    For an award of exemplary/punitive damages against Defendants EDGARDO GARCIA, ERIC MOSUNIC, DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional and statutory rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3.    For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief Defendants CITY OF SAN JOSÉ, SAN JOSÉ POLICE DEPARTMENT,

25

EDGARDO GARCIA, ERIC MOSUNIC, DOE 1 to 10, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants CITY OF SAN JOSÉ and SAN JOSÉ POLICE DEPARTMENT, pursuant to Cal. Civ. Code § 818);

4.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: April 6, 2021                                    Respectfully Submitted,

By: _____
     Mark E. Merin
     Paul H. Masuhara
     LAW OFFICE OF MARK E. MERIN
     1010 F Street, Suite 300
     Sacramento, California 95814
     Telephone: (916) 443-6911
     Facsimile: (916) 447-8336

        Attorneys for Plaintiff
        YURIDIA OCHOA

1

## JURY TRIAL DEMAND

2

A JURY TRIAL IS DEMANDED on behalf of Plaintiff YURIDIA OCHOA.

3

Dated: April 6, 2021

Respectfully Submitted,

4

5

By: _____

6

Mark E. Merin
Paul H. Masuhara

7

LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300

8

Sacramento, California 95814
Telephone: (916) 443-6911

9

Facsimile: (916) 447-8336

10

Attorneys for Plaintiff
YURIDIA OCHOA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28