UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YURIDIA OCHOA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 21-cv-02456-BLF<br><br>**ORDER GRANTING PLAINTIFF YURIDIA OCHOA'S MOTION TO STRIKE AFFIRMATIVE DEFENSES FROM DEFENDANTS CITY OF SAN JOSE AND ERIC MOSUNIC'S FIRST AMENDED ANSWERS TO FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 55] |

Before the Court is Plaintiff Yuridia Ochoa's motion to strike affirmative defenses in the First Amended Answers of Defendants City of San Jose (the "City") and San Jose Police Department ("SJPD") Officer Eric Mosunic ("Officer Mosunic") in this civil rights case related to SJPD officer conduct related to Plaintiff's arrest. Plaintiff brings federal claims under section 1983 and various state law claims, including unreasonable post-arrest medical care, intentional infliction of emotional distress, and negligence claims. *See* First Amended Complaint, ECF No. 45.

The City and Officer Mosunic filed separate answers, each raising eight affirmative defenses. *See* City's First Amended Answer ("City Answer"), ECF No. 52; Officer Mosunic's First Amended Answer ("Mosunic Answer"), ECF No. 53. The sixth and seventh affirmative defenses from the City's answer and the seventh and eighth affirmative defenses from Officer Mosunic's answer (collectively, the "Challenged Defenses") allege the City and Officer Mosunic are entitled to immunity under a list of California Government Code and California Penal Code provisions. *See* City Answer, ECF No. 52 at 25–26; Mosunic Answer, ECF No. 53 at 25–26.

Plaintiff moves to strike the Challenged Defenses. Plaintiff argues that the Challenged

Defenses are inadequately pled, since they merely list allegedly applicable statutory provisions without factual support or explanation. *See* Motion, ECF No. 55; Reply, ECF No. 57. In response, Defendants argue that the pleading standard for affirmative defenses is a low bar and the Challenged Defenses are clear in light of the First Amended Complaint. *See* Opposition, ECF No. 52.

Based on the below reasoning, the Court GRANTS Plaintiff's motion. The Court STRIKES the Challenged Defenses WITH LEAVE TO AMEND. To the extent the Challenged Defenses are alleged to apply to Plaintiff's federal claims, the Challenged Defenses are stricken WITHOUT LEAVE TO AMEND.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and citation omitted).

## II. DISCUSSION

The Challenged Defenses allege that the City and Officer Mosunic are entitled to immunity under provisions of the California Government Code and the California Penal Code. The City's sixth affirmative defense alleges it is entitled to immunity under California Government Code sections 815.2(b), 820.2, 820.4, 820.8, 821, 821.6, and 822.2. *See* City Answer, ECF No. 52 at 25. The City's seventh affirmative defense alleges it is entitled to immunity under California Penal Code sections 834(a), 835, 835(a), 836, and 836.5. *See id.* at 25–26. Officer Mosunic's seventh affirmative defense alleges he is entitled to immunity under California Government Code sections 820.2, 820.4, 820.8, 821.6, and 822.2. *See* Mosunic Answer, ECF No. 53 at 25–26. Officer Mosunic's eighth affirmative defense alleges he is entitled to immunity under California Penal Code sections 834(a), 835, 835(a), 836, and 836.5. *See id.* at 26.

Plaintiff moves to strike the Challenged Defenses as inadequately pled. Plaintiff argues that (1) the Challenged Defenses should be stricken to the extent they allege state law immunities apply to Plaintiff's federal claims; (2) the Challenged Defenses should be stricken as unsupported by

factual allegations; and (3) some of the challenged California Government Code defenses should be stricken because they are inapplicable or redundant regardless of the sufficiency of Defendants' pleadings. *See* Motion, ECF No. 55; Reply, ECF No. 57. Defendants oppose. *See* Opposition, ECF No. 52. The Court considers each issue in turn.

### A. Applicability of State Statutory Immunity Provisions to Federal Claims

Plaintiff argues that the Challenged Defenses, which are based on state statutory immunity provisions, should be stricken to the extent they are alleged to apply to Plaintiff's federal claims. *See* Motion, ECF No. 55 at 5, 7. The Challenged Defenses include the following language: "as applicable to all causes of action asserted in Plaintiff's First Amended Complaint." *See* City Answer, ECF No. 52 at 25–26; Mosunic Answer, ECF No. 53 at 25–26. Defendants agree that the state statutory immunity provisions do not apply to Plaintiff's federal claims. *See* Opposition, ECF No. 56 at 8–9. Accordingly, the Court STRIKES the Challenged Defenses to the extent they are alleged to apply to Plaintiff's federal claims.

### B. Sufficiency of Pleading

Plaintiff argues that the City and Officer Mosunic have failed to adequately plead the Challenged Defenses because they merely list statutory provisions and provide no supporting factual allegations. *See* Motion, ECF No. 5–6, 7–8; Reply, ECF No. 57 at 4–6. Plaintiff argues that the City and Officer Mosunic's pleading fails to meet the heightened "plausibility" standard laid out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Motion, ECF No. 55 at 3–4. Further, Plaintiff argues that a showing of prejudice is not necessary to strike a defense, and even if it were, the burden of "discover[ing] the secrets of a contextually incomprehensible affirmative defense" is sufficient to show prejudice here. *See* Motion, ECF No. 55 at 9 (citation omitted). In response, Defendants argue that only a "fair notice" standard applies to pleading affirmative defenses. *See* Opposition, ECF No. 56 at 2–3. Further, Defendants argue that pleading affirmative defenses by pointing to specific statutory provisions is adequate, particularly "in the context of Plaintiff's allegations." *See* Opposition, ECF No. 56 at 2–3, 6–7. Additionally, Defendants argue that Plaintiff fails to articulate what he does not understand about the Challenged Defenses, so there is no prejudice. *See* Opposition, ECF No. 56 at 9.

The Court agrees with Plaintiff. Courts generally apply the *Twombly/Iqbal* plausibility standard to pleading affirmative defenses, and the Court sees no reason that standard should not apply here. *See, e.g.*, *Bottero v. Hoya Corp.*, No. 14–cv–02528–BLF, 2015 U.S. Dist. LEXIS 47740, at *4 (N.D. Cal. Apr. 10, 2015). In any case, the Court does not see how the Challenged Defenses provide either fair notice or a plausible basis for the alleged immunities, since the Challenged Defenses are supported by no factual allegations in the City or Officer Mosunic's answer. Courts regularly strike similarly pled affirmative defenses. *See Lumasense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20–cv–07905–WHO, 2021 WL 2953237 (N.D. Cal. July 14, 2021); *Neylon v. Cty. of Inyo*, No. 1:16–CV–0712 AWI JLT, 2017 WL 3670925, at *10 (E.D. Cal. Aug. 25, 2017) (striking affirmative defense that "requires [plaintiff] to guess . . . at what conduct is entitled to immunity, and how the immunity might apply or to which claims the immunity might apply"). Defendants' cases are distinguishable. *See Adtrader, Inc. v. Google LLC*, No. 17–cv–07082–BLF, 2019 WL 8508038, at *1 (N.D. Cal. Sep. 4, 2019) (affirmative defenses were adequately pled in context of 38-page answer); *Scott v. Fed. Bond and Collection Serv., Inc.*, No. 10–CV–02825–LHK, 2011 WL 176846, at *7 (N.D. Cal. Jan. 19, 2011) (pleadings "allow[ed] Plaintiff to clearly determine the basis for the asserted defense" in Fair Debt Collection Practices Act case); *Miller v. Ghirardelli Chocolate Co.*, No. C 12–04936 LB, 2013 WL 3153388, at **6–7 (N.D. Cal. June 19, 2013) (declining to strike affirmative defenses in product labeling case supported by allegations explaining the applicability of each alleged defense).

Defendants argue that Plaintiff's showing of prejudice is deficient. *See* Opposition, ECF No. 56 at 9. But a showing of prejudice is unnecessary for a motion to strike. *See, e.g.*, *LumaSense*, 2021 WL 2953237, at *5. Regardless, the Court declines to require Plaintiff to explain what he does not understand about the Challenged Defenses, particularly when they are as minimally pled as in this case.

Accordingly, the Court STRIKES the Challenged Defenses.

### C. Applicability of Certain California Government Code Immunity Provisions

Plaintiff argues that regardless of the sufficiency of the City and Officer Mosunic's pleadings, several of the cited California Government Code immunities—those based on California

4

Government Code sections 820.2, 820.4, 820.8, and 821.6—are simply inapplicable. *See* Motion, ECF No. 55 at 6. While the Court has already stricken these defenses, the Court will consider Plaintiff's arguments as to the applicability of California Government Code sections 820.2, 820.4, 820.8, and 821.6 to determine if amendment would be futile. *See Eminence Capital*, 316 F.3d at 1052.

### 1. Cal. Gov. C. § 820.2

Section 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov. C. § 820.2. Plaintiff argues that this provision does not apply to an officer's decision to detain or arrest a suspect or to use unreasonable force in making an arrest. *See* Motion, ECF No. 55, at 6. In response, Defendants argue that section 820.2 can apply to the decisions that come after a determination to arrest a suspect, including the means of arrest. *See* Opposition, ECF No. 56, at 7. In light of Defendants' case authority, the Court finds that Defendants may be able to plead a section 820.2 defense. *See Conway v. Cty. of* Tuolumne, 231 Cal.App.4th 1005, 1018 (2014).

Accordingly, Plaintiff has not shown that amendment as to the City or Officer Mosunic's section 820.2 defense is futile.

### 2. Cal. Gov. C. § 820.4

Section 820.4 provides: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment." Cal. Gov. C. § 820.4. Plaintiff argues that such an affirmative defense is redundant with the City and Officer Mosunic's denial as to Plaintiff's negligence claim. *See* Motion, ECF No. 55 at 6. In response, Defendants argue that section 820.4 might apply to Plaintiff's intentional infliction of emotional distress or unreasonable post-arrest medical care claims. *See* Opposition, ECF No. 56 at 7–8. The Court agrees with Defendants. Plaintiff has not shown that the City or Officer Mosunic's affirmative defenses are necessarily redundant as to all potentially relevant claims.

Accordingly, Plaintiff has not shown that amendment as to the City or Officer Mosunic's

section 820.4 defense is futile.

### 3. Cal. Gov. C. § 820.8

Section 820.8 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission." Cal. Gov. C. § 820.8. Plaintiff argues that section 820.8 does not entitle a government employee to immunity for injury proximately caused by his own negligent or wrongful act or omission. *See* Motion, ECF No. 55 at 6. In response, Defendants argue that section 820.8 can apply to injuries proximately caused by the acts of others. *See* Opposition, ECF No. 56 at 8. The Court finds that the City and Officer Mosunic may be able to plead facts supporting such an application of section 820.8 in this case.

Accordingly, Plaintiff has not shown that amendment as to the City or Officer Mosunic's section 820.8 defense is futile.

### 4. Cal. Gov. C. § 821.6

Section 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. C. § 821.6. Plaintiff argues that section 821.6 applies only to malicious prosecution claims. *See* Motion, ECF No. 55 at 6. In response, Defendants point to case authority indicating that section 821.6 immunity can apply more broadly to injury caused in the course of official investigations. *See* Opposition, ECF No. 56 at 8 (citing *Leon v. Cty. of Riverside*, 64 Cal.App.5th 837, 856 (2021)). In light of Defendants' case authority, the Court finds that the City and Officer Mosunic may be able to plead a section 821.6 defense.

Accordingly, Plaintiff has not shown that amendment as to the City or Officer Mosunic's section 821.6 defense is futile.

### D. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth

6

Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

Since Plaintiff has failed to show that any of the *Foman* factors apply, the Court GRANTS the City and Officer Mosunic leave to amend the Challenged Defenses. *See Eminence Capital*, 316 F.3d at 1052. However, to the extent the City and Officer Mosunic's state statutory defenses are alleged to apply to Plaintiff's federal claims, the Court strikes those claims to that extent WITHOUT LEAVE TO AMEND, since amendment would be futile. *See id.*

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. the City's sixth and seventh affirmative defenses and Officer Mosunic's seventh and eighth affirmative defenses are STRICKEN WITHOUT LEAVE TO AMEND to the extent they are alleged to apply to Plaintiff's federal claims;

2. otherwise, the City's sixth and seventh affirmative defenses and Officer Mosunic's seventh and eighth affirmative defenses are STRICKEN WITH LEAVE TO AMEND; and

3. the City and Officer Mosunic SHALL file amended answers within 30 days of this Order.

Dated: May 23, 2022

BETH LABSON FREEMAN
United States District Judge